Oicey, J.
I beg leave respectfully to dissent from so much of the judgment as requires Judge Hawes to sign the bill of exceptions exhibited with the petition for mandamus in this case. Possibly, if there had been no answer to the *30 alternative writ, such an order might be made; though even then I think the proper course would have been to require the judge to sign a true bill. However that may be, we have no such case before us. Judge Hawes answered the alternative writ, and gave at least one reason for declining to sign the bill, which I am quite sure he thought was entirely sufficient; namely, that the bill was not presented in time. No doubt he should have gone further, and after carefully examining the bill, stated in his answer whether it was a true or untrue bill, and if untrue, wherein it was defective. But he adopted the other course, feeling confident, I believe, that he had given a valid reason why he ought not to sign the bill, and that for the same reason he might well decline to examine it. He was mistaken as to his duty. The bill was presented in time, and in his answer-to the alternative writ he should have pointed out errors in the bill, if any existed. A demurrer to the answer is properly sustained. But I am sure the judge’s mistake was an honest one, and that no want of respect to this court, much less desire to wrong the relator, actuated him in the course he adopted.
The proper course is to require Judge Hawes to sign a true bill, and now that his error is pointed out, I am sure that he would promptly and willingly sign a true bill. To assume that he would not is to do him great injustice. From his answer it plainly appears, in my opinion, that he .has never read the bill which is here exhibited. To require him to sign it, under the circumstances, without affording him an opportunity to read it and point out any errors therein— his answer being held insufficient — is a wrong to him, and a greater wrong to the state, which ought not to incur the hazard of a new trial by reason of a bill of exceptions which may be an untrue bill, for a new trial with two hundred witnesses involves expense, and should never be granted, unless plainly in-furtherance of justice, or for the reason that some principle of law has been violated. No opportunity has been given to apply for leave to amend, for the order sustaining the demurrer and imperatively *31 requiring the judge to sign the bill, are made at the same moment in absence of the defendant. Of course, we have not considered the bill of exceptions with a view to determine whether or not it shows that the court below erred. There is no decision, in my opinion, which sustains the judgment in this case.
McIlvaine, O. J., also dissented.